**Donna Marie MOODY, Through Michon SAX as Guardian Ad Litem, and Marie Schneider, Plaintiffs and Appellees,**

v.

**Lonnie MOODY, Defendant and Appellant.**

**Civ. No. 11392.**

Supreme Court of North Dakota.

April 29, 1987.

McIntee & Whisenand, Williston, for plaintiffs and appellees; argued by Terry R. Lorenz.

Ella Van Berkom, Minot, for defendant and appellant.

LEVINE, Justice.

In this appeal Lonnie Moody challenges the award of custody of the parties' minor child to her mother, Marie Schneider, as well as the award of visitation to Lonnie. We affirm the award of custody pursuant to Rule 35.1(a)(2) of the North Dakota Rules of Appellate Procedure. The issue of visitation rights, however, warrants further discussion.

In its order for temporary custody, support and visitation, the trial court awarded Lonnie reasonable visitation rights with minimum visitation specified as not less than the first and third weekends of each month. In its final judgment the trial court awarded "reasonable" visitation rights but reduced the specified minimum visitation to the first weekend of each month, with four weeks' summer visitation upon the child's completion of the first grade.

Lonnie argues that the trial court erred by reducing the specified minimum visitation from two to one weekend per month. Lonnie claims that the trial court failed to consider the impact of the child's move from Williston to Belfield, which substantially increases the travel time necessary for Lonnie to pick up and return the child.

■ We note that visitation rights were not the focus at the trial. However, the testimony at trial revealed that Lonnie had exercised flexible visitation rights without problem. We believe the trial court took into account the uncertainty created by the child's move to Belfield and attempted to craft a visitation schedule broad enough to permit the continuation of the flexible visitation previously exercised by Lonnie. It is clear from the judgment that the specified minimum visitation was awarded *in addition to* reasonable visitation, not as a substitute for reasonable visitation. The judgment provides:

"[I]t is:

"ADJUDGED, DETERMINED AND DECREED that the Defendant shall

have the right of visitation upon reasonable times after having giving [*sic*] advance notice. *In addition to* reasonable visitation the following are Court specified minimum visits:

a. First weekend of each month. Noon Saturday to 6:00 p.m. Sunday. "First" weekend means the first Saturday of each month.

b. After the child completes the first grade, Lonnie may have a four week summer visit during the month of July...." [Emphasis supplied.]

Should Lonnie wish to exercise visitation more frequently than one weekend per month, he would be entitled to do so. Accordingly, we find that the award of visitation rights is not clearly erroneous.

█ Marie Schneider asks for costs and attorney's fees under Rule 38, North Dakota Rules of Appellate Procedure. Because we do not deem the appeal to be frivolous, we deny the request.

The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE and GIERKE, JJ., concur.

VANDE WALLE, Justice, concurring in the result.

At the hearing on this matter, Marie testified that she did not have any problem with allowing Lonnie to continue the visitation then currently in effect which was at least two weekends a month. The temporary order issued on December 31, 1985, provided that Lonnie was entitled to visits upon reasonable advance notice and, at a minimum, visitation was to be "not less than the First and Third Weekends (Sat. noon to Sunday 5 p.m.) of each month." Following the hearing in this matter the court, without further explanation, issued the following order:

"6. Visitation. Lonnie shall have right to visit his daughter at reasonable times upon reasonable advance notice. Marie and Lonnie are urged to be agreeable, flexible and considerate in arranging visits. In the absence of their own agreement otherwise, these court-specified visits apply as a minimum:

"a) First weekend of each month. Noon Saturday to six p.m. Sunday. 'First' weekend means the first Saturday of each month.

"b) After child completes first grade, Lonnie may have four week summer visit exercised. All travel expense payable by Lonnie."

We are left to speculate why the trial court specified one weekend a month rather than two for "minimum" visitation. There is nothing in the record to justify such a change. Furthermore, insofar as the summer visitation is concerned, it appears the trial court intended the order to be a long-term order in that Donna, who was born in September 1983, will not have completed the first grade until 1991, or later. Lonnie is apparently expected to wait several years for any extended visitation.

Notwithstanding the hortatory and precatory exhortations of the trial court that the parents agree to visitation, it is my observation that in contested custody cases the minimum visitation prescribed by the court often becomes the maximum visitation the custodial parent will allow. Insofar as there is no reason to reduce the minimum visitation from two weekends to one weekend a month, I concur in the majority opinion only with the understanding that Lonnie is to be allowed greater visitation and, should he have to return to court to enforce greater visitation, that it be permitted without the necessity to prove a threshold requirement of a change in circumstances. See, e.g., *Muraskin v. Muraskin*, 336 N.W.2d 332 (N.D.1983).

GIERKE, J., concurs.